UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JOSHUA ROBINSON, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| vs. | ) | CAUSE NO. 3:16-CV-174-PPS |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Joshua Robinson, a pro se prisoner, brings this habeas corpus petition challenging a prison disciplinary hearing wherein a Disciplinary Hearing Officer found him guilty of the offense of Battery with Serious Injury. Robinson was docked 365 days earned credit time and demoted to credit class 3 as a result of his conviction. Robinson raises four grounds in his petition.

In Ground One, Robinson argues that he was not provided with all of the evidence he requested. Specifically, he argues that he should have been provided with a report detailing the victim's injuries, still photos from the video surveillance system, and pictures of his coat. In the prison disciplinary context, an inmate has a constitutional right to present relevant, exculpatory evidence. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Nevertheless, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). The evidence that Robinson requested was included in the confidential internal affairs file that was considered by the hearing

officer. He, therefore, was not denied due process and Ground One is not a basis for habeas corpus relief.

In Ground Two, Robinson argues that there was insufficient evidence to have found him guilty. "In reviewing a decision for some evidence, [my job is to] determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (internal quotation marks omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (internal quotation marks and citations omitted).

There was more than "meager" proof of Robinson's guilt, and there was nothing arbitrary about the decision of the hearing officer. In the confidential file submitted to me under seal, the video evidence tracks Robinson moving from the assault to his cell. Robinson argues that other inmates in the prison have similar markings on their coats, but in the video, he can distinctly be identified as he moves from place to place. There was sufficient evidence to have found him guilty and Ground Two, therefore, is not a basis for habeas corpus relief.

2

In Ground Three, Robinson argues that the sanctions imposed were too harsh because, while they were within the guidelines, there is a variance in punishment at the prison and he was punished too severely compared to inmates in his position. Harshness of sanctions, however, is not a valid basis for challenging a punishment that is within the range of the offense for which the inmate was found guilty. *Cf. United States ex rel. Long v. Pate*, 418 F.2d 1028, 1031 (7th Cir. 1970) (Where a sentence is "within the range established by the legislature . . . this court will not [on habeas corpus review] question the trial judge's discretion in imposing sentence, nor will it question the refusal of the Illinois Supreme Court to reconsider appellant's petition for reduction of sentence.") Here, Robinson even admits that the punishment imposed was within the limits permitted by Indiana's Disciplinary Code for Adult Offenders for a Class A offense. Ground Three, therefore, is not a basis for habeas corpus relief.

In Ground Four, Robinson argues that the hearing officer violated prison policies by not giving him a written summary of the video 24 hours before his hearing and by postponing the hearing without his knowledge or consent. The violation of a prison rule, however, is not a basis for habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Ground Four, therefore, is not a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED** and the clerk is **DIRECTED** to close this case.

SO ORDERED.

ENTERED: July 28, 2016

                                                   s/ Philip P. Simon
                                            **PHILIP P. SIMON, CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**